# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR WALTHOUR,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | **No. 18-5045** |
| **CITY OF PHILADELPHIA, et. al.,** *Defendants.* | : : : | |

## MEMORANDUM

### I. INTRODUCTION

Currently before the Court is Defendant, Bayada Nursing's, Motion to Dismiss (ECF No. 10), Defendant, Park Lane Manor's, Motion to Dismiss (ECF No. 11), and Plaintiff's Response to Defendants' Motions to Dismiss (ECF No. 12).

### II. BACKGROUND

Plaintiff, who is proceeding pro se, filed his initial Complaint in this matter on November 21, 2018. ECF No. 1. On November 30, 2018, Plaintiff filed an Amended Complaint. ECF No. 4. However, because Plaintiff's Amended Complaint failed to include a caption, it was deemed insufficient by the Court. ECF No. 5. Because the Amended Complaint was insufficient, this Court entered an Order on December 10, 2018, directing Plaintiff to file a second amended complaint on or before January 9, 2019. *Id.* On January 9, 2019, Plaintiff filed his

1

Second Amended Complaint. ECF No. 9. Plaintiff labeled his Second Amended Complaint as an amendment to his original Complaint. *Id.* Because the Plaintiff is proceeding pro se, the Court will liberally construe his three pleadings. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Defendants who have been named in Plaintiff's pleadings are: 1) City of Philadelphia; 2) Park Lane Manor; 3) Bayada Nursing; 4) John W. Herron; 5) Paul Feldman; 6) Linda Hobkirk; and 7) PNC Bank. ECF Nos. 1, 4, and 9. The injuries Plaintiff alleges he sustained are "death wrongfully of spouse," ECF No. 9 at 4, and "death of spouse," ECF No. 1 at 7. Plaintiff represents that "this is about wrongful death and not the removal of guardianship[,] but [Defendants] are all liable in this wrongful death Complaint." ECF No. 4 at 3. Therefore, it is clear that Plaintiff's only cause of action is for wrongful death, with a potential survivor claim.[1] Both of these causes of action are state law claims.

In regard to this Court's jurisdiction to hear this matter, Plaintiff alleges both federal question and diversity jurisdiction. ECF Nos. 9 at 2 and 1 at 1. The basis for the Court's federal question jurisdiction, according to Plaintiff, is 18 U.S.C. §§ 241, 242. ECF No. 9 at 2. The basis for the Court's diversity jurisdiction,

---

[1] The Court notes that Plaintiff, in his Response to the Motions to Dismiss, stated that the Motions should be denied because he "has never filed a wrongful death complaint." ECF No. 12. Even though Plaintiff makes this representation, the Court will, nonetheless, construe Plaintiff's pleadings as an action for wrongful death. If the Court does not construe Plaintiff's pleadings as such, then the Plaintiff would have effectively cancelled out any cause of action he may have had.

according to Plaintiff, is "other personal injury: death." ECF No. 1 at 1. Defendants, Park Lane Manor and Bayada Nursing, in their Motions to Dismiss argue that this Court does not have jurisdiction because neither federal question nor diversity jurisdiction exists. ECF Nos. 10, 11.

### III. DISCUSSION

When there is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), a court must first determine whether the motion is a "facial" or "factual" attack against subject matter jurisdiction. A facial attack:

> [I]s an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties.

*Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Id.*

"A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* "A factual attack requires a factual dispute." *Id.* "In sum, a facial attack 'contests the sufficiency of the pleadings.'" *Id.* (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). "'[W]hereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually]

3

with the jurisdictional prerequisites.'" *Id.* (alterations in original) (internal citations omitted) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)). The plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction. *Schneller ex. rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). Here, the Motions to Dismiss are facial attacks.

1. Federal Question Jurisdiction.

Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff alleges this Court has federal question subject matter jurisdiction pursuant to 18 U.S.C. §§ 241, 242. 18 U.S.C. § 241, which is under the United States Criminal Code, proscribes against any conspiracy against an individual's rights. 18 U.S.C. § 242, which is also under the United States Criminal Code, proscribes against the act of depriving an individual's rights under the color of law. These statutes are inapplicable, here, because they "provide no private right of action for use by a litigant." *Kulesa v. Rex*, 509 F. App'x 743, 746 n. 3 (3d Cir. 2013); *see El v. Marino*, 722 F. App'x 262, 266 (3d Cir. 2018) ("A number of other statutes which [plaintiff] relies in his complaint are plainly inapplicable to his claims: 18 U.S.C. §§ 241, 242 . . . are criminal statutes which cannot form the basis of [plaintiff's] civil lawsuit."). Therefore, because 18 U.S.C.

4

§§ 241, 242 are criminal statutes that are inapplicable in this civil matter, the Court cannot exercise federal question subject matter jurisdiction based on those statutes.

2. Diversity Jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over civil matters where the amount in controversy exceeds $75,000.00 and there is complete diversity between the parties. 28 U.S.C. § 1332(a). To have complete diversity, no defendant can be a citizen of the same state as the plaintiff. *Id.* If a corporation is a defendant, it is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* at §1332(c). Cities, such as the City of Philadelphia, are political subdivisions and "are citizens of their respective States." *Moor v. Alameda County*, 411 U.S. 693, 718 (1973) (internal quotations omitted) (quoting *Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972)).

Here, Plaintiff represents in his pleadings that he resides in Aston, Pennsylvania. ECF No. 9 at 1. Therefore, absent evidence to suggest otherwise, Plaintiff is a Pennsylvania citizen. Defendant, City of Philadelphia, is a Pennsylvania citizen for jurisdiction purposes because it is a political subdivision of the Commonwealth of Pennsylvania. For this Court to have diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff cannot be a citizen of the same state as any of the Defendants. Therefore, because Plaintiff and Defendant, City of

5

Philadelphia, are citizens of the Commonwealth of Pennsylvania, complete diversity does not exist, and this Court does not have subject matter jurisdiction.[2]

## IV. CONCLUSION

For the reasons stated above, this Court does not have subject matter jurisdiction to hear this matter because there is no federal question presented and there is not complete diversity between the parties. Therefore, Defendants' Motions to Dismiss are granted and Plaintiff's Complaint is dismissed against all Defendants.

Dated: 3-6-2019

BY THE COURT:

CHAD F. KENNEY, JUDGE

---

[2] Because this Court ruled that it does not have jurisdiction to hear this matter, it need not address Defendant, Park Lane Manor's, arguments under Rule 12(b)(6).

6